STATE OF NORTH CAROLINA
v.
TIMOTHY WAYNE MOODY
No. COA08-294
Court of Appeals of North Carolina
Filed November 18, 2008
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Francis W. Crawley, for the State.
Sue Genrich Berry for defendant-appellant.
BRYANT, Judge.
Timothy Wayne Moody (defendant) appeals from judgments entered upon jury verdicts finding him guilty of second-degree murder and possession of a firearm by a felon. We find no error.

Facts
The State presented evidence tending to show the following: On the afternoon of 25 October 2005, Andrew High and Jerome Broady were driving back to school at Elizabeth City State University after their fall break. While driving, they passed by defendant standing outside a store in Pleasant Hill. Defendant motioned with his hands and High turned his vehicle around and drove back to the store. High exited the vehicle and walked over to talk with defendant. Broady subsequently walked over to join defendant and High. When Broady approached the two men, defendant pulled out a black revolver and pointed it towards Broady. Broady backed away and told defendant to put the gun down. At that point, defendant moved his attention from Broady and pointed the gun at High. While defendant was focusing on High, Broady attempted to sneak behind defendant so he could knock the gun out of defendant's hand. Before Broady moved, defendant fired the gun at High. High sustained a gunshot wound to his head which resulted in his death.
Defendant presented the testimony of Nathan Bailey Smith, son of the store's owner, and Shareka Ingram, High's ex-girlfriend. Smith testified he was present on 25 October when High was shot. Before the shooting, Smith tried to intervene when he heard defendant and High engaged in a loud conversation. After approaching the men, Smith walked over to Broady, who was standing near a picnic table positioned behind defendant, to tell Broady that he and the other men needed to leave. While Smith was talking to Broady, he heard a gunshot, turned around, and saw High fall to the ground. Smith testified he never saw defendant with a gun.
Ms. Ingram testified that she dated High until March 2005 and she subsequently began dating defendant. On the morning of 25 October 2005, the victim stopped by her house and asked her whether she had seen defendant. He also asked for defendant's telephone number. She refused to provide the telephone number to High because he appeared upset. She called defendant to tell him that High had just left her residence and that High was looking for him.
Defendant testified that approximately one month prior to 25 October 2005, High had assaulted defendant with a miniature baseball bat. On the morning of 25 October 2005, defendant received a telephone call from Ms. Ingram warning him that High was looking for him and that High was upset. Later that day, defendant was at the Talk of the Town store when a vehicle skid to a stop. Broady and High emerged from the vehicle. Broady approached defendant from the left and High approached him from the right. Defendant testified he saw High "reach up" his hand. Defendant pulled a gun out of his pocket and fired it. Afterward, defendant deposited the gun into a trash dumpster and covered it with trash. He then ran to a field "and ducked down and waited to see if I could see a police or something." Afraid that someone might seek to retaliate against him, defendant flagged down a police car. The police officer transported him to a truck stop where he was met by a deputy sheriff. Defendant gave a statement indicating High originally had the gun and that he had seized it from High during the course of a struggle. He acknowledged at trial that this statement was false.
Defendant was charged with non-capital, first-degree murder and possession of a firearm by a felon. On 7 November 2007, defendant was found guilty of second-degree murder and of possession of a firearm by a felon. Defendant was sentenced to consecutive terms of imprisonment of 251 to 311 months for second-degree murder and 20 to 24 months for possession of a firearm. Defendant appeals.
On appeal defendant argues: (I) The trial court erred by admitting hearsay statements into evidence; and (II) the trial court committed plain error by giving a jury instruction on flight.

I
Defendant contends the trial court erred by admitting evidence of statements made by Nathan Smith to his niece, Shareka Ingram, regarding defendant's possession of a gun on 25 October 2005. Specifically, defendant argues the testimony should have been excluded as hearsay.
During cross-examination of Ms. Ingram, the prosecutor asked her whether she remembered telling the investigator that Mr. Smith had told her that he saw defendant with a gun on the day of the shooting. Defendant interposed a general objection and the court overruled the objection. Ms. Ingram proceeded to testify in response to four additional questions, to which no objection was taken, that she probably told the investigator that Mr. Smith told her that he saw defendant with a gun on the day of the shooting, that defendant was showing the gun around, and that defendant had the gun in his hand when he "waved down" High. She also acknowledged that Mr. Smith told her that defendant shot High and then ran into the woods with the gun in his hand.
We observe that by failing to object to the subsequent questions, defendant waived his objection to the testimony. State v. Eason, 336 N.C. 730, 747, 445 S.E.2d 917, 927 (1994), cert. denied, 513 U.S. 1096, 130 L. Ed. 2d 661 (1995). Even if defendant had renewed his objection, we conclude the court did not err by admitting the testimony. "Under certain circumstances a witness may be impeached by proof of prior conduct or statements which are inconsistent with the witness's testimony. Inconsistent prior statements are admissible for the purpose of shedding light on a witness's credibility." State v. Whitley, 311 N.C. 656, 663, 319 S.E.2d 584, 589 (1984) (citation omitted). If a prior statement relates to material facts in the witness's testimony, then the prior inconsistent statement may be proved by other witnesses. Id. Here, Nathan Smith testified that he did not see defendant in possession of a gun on the day of the shooting. Ms. Ingram's testimony regarding Mr. Smith's prior statements that he had seen a gun in defendant's possession on the date of the shooting was thus admissible to impeach the trial testimony of Nathan Smith. This assignment of error is overruled

II
Defendant next contends the trial court committed plain error by instructing the jury on flight. He argues the instruction is not supported by the evidence.
To obtain appellate review in the absence of an objection at trial, a defendant must show that an instructional error was made and that in the absence of the error, a different verdict would have been likely. State v. Sams, 317 N.C. 230, 241, 345 S.E.2d 179, 186 (1986). "[I]n order to justify an instruction on flight there must be some evidence in the record reasonably supporting the theory that the defendant fled after the commission of the crime charged." State v. Fisher, 336 N.C. 684, 706, 445 S.E.2d 866, 878 (1994), cert. denied, 533 U.S. 1098, 130 L. Ed. 2d 665 (1995). "Mere evidence that the defendant left the scene of the crime is not enough to support the instruction on flight. There must also be evidence that the defendant took steps to avoid apprehension." State v. Thompson, 328 N.C. 477, 490, 402 S.E.2d 386, 392 (1991).
Here, defendant's testimony established that he hid the gun under some trash in a trash dumpster and then ran and hid in a field. Defendant also gave a false statement to law enforcement officers upon his apprehension. We conclude this evidence supported submission of the instruction; thus, there is no basis for a finding of plain error. This assignment of error is overruled.
No error.
Judges TYSON and ARROWOOD concur.
Report per Rule 30(e).